**SIGNED THIS: October 31, 2018**

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HEIDI L. COLTON, | ) | Case No.   18-80601 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### OPINION

This matter is before the Court on the objection filed by the Chapter 7 Trustee, Nina Gougis, to the homestead exemption claimed by the Debtor, Heidi Colton, in residential real estate located in Washington Illinois that she owns jointly with her husband, Jeff. The basis for the objection is that the Debtor did not occupy the property on the petition date as she and Jeff separated prior thereto, having agreed that the Debtor would move out of the marital home. While Illinois law places a condition of occupancy on a person's homestead exemption rights, the Court determines that the Debtor did not intend to permanently abandon her homestead

interest when she separated from her husband. Accordingly, her homestead exemption is preserved.

## FINDINGS OF FACT

An evidentiary hearing was held on August 27, 2018, at which the Debtor was the sole witness. The Debtor and Jeff, married in 1998, purchased the marital home on Dogwood Drive in Washington, Illinois as joint owners in 2005. They resided there as husband and wife until August, 2017, when the Debtor moved out of the home and moved into a nearby duplex for which she signed a one-year lease. Jeff continues to reside in the Dogwood property. Nine months after moving out, the Debtor filed her Chapter 7 petition on April 23, 2018.

The Debtor testified that she and Jeff agreed to separate and live apart and agreed that she would be the one to move out of the marital home. They also agreed that their children, ages 16 and 12, would reside with the Debtor, a decision facilitated by the fact that the Debtor's leased duplex is in the same school district as the Dogwood property.

The Debtor testified that she has no present intention to return to reside at the Dogwood property as long as Jeff is living there. She has no expectation of reconciling with him, and she anticipates initiating a divorce proceeding in the near future. She did, however, state a desire that she and her children might return to live in the Dogwood property if the property was awarded to her in the divorce case or if Jeff voluntarily moved out.

Despite having moved out of the Dogwood property and establishing residency in a duplex, the Debtor testified that she left some furniture and some of her clothing at the Dogwood property. Her children keep some clothing and other personal property there as well. Every school day, her son is dropped off at the Dogwood house by the school bus since she is still at work. Her son stays overnight at the Dogwood house with his father approximately two times per

week. She maintains possession of a garage door opener for the Dogwood house and so, with

Jeff's consent, has access to the house. When Jeff was out of state during June and July, 2018,

for job training, the Debtor mowed the lawn at the Dogwood property and cared for the family

pets that continue to live there.

The Debtor remains liable for the mortgage debt and remains in title to the Dogwood

property. Jeff voluntarily pays her $100 per month for the support of each child. To date, the

terms of their separation and child support have been agreed to consensually, but have not been

reduced to writing.

## CONCLUSIONS OF LAW

The State of Illinois has opted out of the federal exemption scheme set forth in section

522 of the Bankruptcy Code. 735 ILCS 5/12-1201. The exemptions available to the Debtor are

those provided under Illinois law, including the homestead exemption she claimed in her interest

in the Dogwood property pursuant to 735 ILCS 5/12-901, providing every individual with a

homestead exemption up to $15,000 in value for his or her interest in real or personal property

owned or rightly possessed and "occupied by him or her as a residence." The Trustee contends

that the Debtor does not meet the residential occupancy requirement since she no longer resided

in the marital home at the time of her bankruptcy filing.

The Trustee bears the burden to prove that the Debtor's homestead exemption claimed in

the Dogwood property is not properly claimed. See Fed. R. Bankr. P. 4003(c). When a state has

opted out of the federal exemption scheme and elected to have its own exemptions applied in

bankruptcy cases, the state exemptions should be applied in bankruptcy to the same extent and

with the same effect as in state court. *In re Duncan,* 329 F.3d 1195, 1198 (10th Cir. 2003); *In re

Colwell,* 196 F.3d 1225 (11th Cir. 1999). With respect to an objection by a creditor or

3

bankruptcy trustee, a debtor's exemption rights are measured as of the petition date against a levy or execution on the subject property made by a hypothetical judgment creditor on that date. See *Myers v. Matley,* 318 U.S. 622 (1943).

Illinois courts have long recognized that the homestead exemption laws are remedial in purpose and should be liberally construed in favor of the homeowner. *Moore v. Flynn,* 135 Ill. 74, 78 (1890); *People v. One Residence Located at 1403 East Parham Street,* 251 Ill.App.3d 198, 201 (1993)("homestead estate is not easily lost or divested"). Bankruptcy courts apply this policy of liberal construction. *In re Owens,* 269 B.R. 794, 796 (Bankr. N.D. Ill. 2001); *In re Wagenbach,* 232 B.R. 112, 118 (Bankr. C.D. Ill. 1999)(Altenberger, J.).

Once a person has established residential occupancy in a homestead, as required by section 12-901, absent a voluntary conveyance, release or waiver, the homestead exemption may otherwise be lost through abandonment, which is defined as vacating the homestead premises and establishing residency elsewhere with no intention to reestablish residency in the homestead at some point in the future. See *In re Moneer,* 188 B.R. 25, 27 (Bankr. N.D. Ill. 1995); *Rasmussen v. Rasmussen,* 368 Ill. 137, 140-41 (1938). Intention is to be determined from the particular facts and circumstances of each case. *Id.* Illinois courts have recognized a wide variety of reasons that may reasonably cause a homeowner to reside away from the homestead, so that the fact of one's absence from the homestead does not compel a presumption of abandonment or necessarily result in forfeiture of the homestead exemption rights. *Lehman v. Cottrell,* 298 Ill.App. 434, 438 (1939). An important factor is whether a person who is no longer residing in the homestead property has established homestead rights elsewhere. *Id.; Rasmussen,* 368 Ill. at 141. Residency in a rented home is a fact that weighs against a finding of abandonment. See *Moore v. Flynn,* 135 Ill. at 77.

4

The common occurrence of a married person moving out of the homestead because of marital difficulties, to effect a separation in contemplation of divorce, is a circumstance deserving of special considerations. The Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/101 et seq. (IMDMA), provides that if the parties live separate and apart for a continuous period of not less than 6 months, there is an irrebuttable presumption that proof of "irreconcilable differences" has been met. 750 ILCS 5/401(a-5). Any person living separate and apart from his or her spouse has the option to petition the court to enter a judgment for legal separation and for an award of reasonable support or maintenance while they live apart. 750 ILCS 5/402. In a proceeding to dissolve a marriage, where the marital home is "marital property" under section 503 of the IMDMA, the divorce court has broad discretion to award title and possession of the home to either party, or to order a sale of the home where it would be equitable to do so. *In re Marriage of Wade,* 158 Ill.App.3d 255, 267 (1987). Section 503's policy of equitable distribution of marital property taking into account the monetary and nonmonetary contributions of each spouse reflects the view that the marital relationship is a shared enterprise or partnership. *In re Marriage of Komnick,* 84 Ill.2d 89, 94 (1981).

Consistent with the IMDMA, the homestead exemption statute expressly addresses the disposition of the homestead estate in a dissolution proceeding, providing that "the court granting the dissolution of marriage may dispose of the homestead estate according to the equities of the case." 735 ILCS 5/12-905. Neither this provision nor any other provision of the homestead exemption law can be said to evidence a legislative intent to effect a forfeiture of homestead rights on account of a marital separation. Unlike some other states, Illinois has not adopted a requirement that one who ceases to occupy the homestead shall be deemed to have abandoned it

unless she records a notice claiming the property as her homestead. See *In re Johnson,* 207 B.R. 878 (Bankr. D.Minn. 1997)(Minnesota law).

Based upon her testimony, the Court concludes that the Debtor did not intend to permanently abandon the Dogwood property as her homestead when she separated from her husband and moved into a leased duplex. Having purchased the home with her husband in 2005, the Debtor raised her children there for twelve years and retains an emotional attachment to the property. According to her testimony, which the Court found credible, the Debtor would like to move back into the home with her children if circumstances permit it. Given the likelihood that she will be awarded custody of the children in a divorce proceeding, it is probable that she and the children would be awarded possession of the family home.

Illinois courts consider an important factor to be whether and to what extent the homestead claimant left personal property at the home when she moved away. The Debtor testified that she left some furniture and some clothing there, which almost certainly understates her true interest in the personal property located in the house. Given the 19-year length of the marriage at the time the Debtor moved out, the Court may infer that virtually all of the furniture, furnishings, appliances and ordinary household goods were jointly owned by her and her husband. In her testimony, she made no mention that they had entered into a property settlement agreement permitted as part of a legal separation. See 750 ILCS 5/402(b). Accordingly, it is more probable than not that the Debtor continues to own a joint interest in all of the personal property still located in the house with the exception of Jeff's clothing and his personal items. Leaving one's things in the house is a form of "constructive occupancy," *In re Owens,* 269 B.R. at 799, a concept that is especially apposite where one's spouse continues to reside there.

The Debtor continues to have access to the house and cares for the property when Jeff is away. As a mortgagor and owner of the property, she continues to share financial liability and personal liability for the condition of the premises. Finally, and critically, the Debtor is residing in rental property and has not established a new homestead to which the exemption would apply.

These facts, which the Court believes are typical when spouses separate, along with the policy of liberal construction of the homestead exemption in favor of the homeowner, weigh strongly against a finding of abandonment, thereby protecting the homestead exemption from being "easily lost or divested" in the context of a marital separation. Nothing in the homestead exemption law or the IMDMA reflects a legislative intent to effect a forfeiture of homestead exemption rights as a consequence of a separation. To the contrary, the homestead law contemplates that the homestead estate will be preserved and its disposition awarded according to the equities of the case. 735 ILCS 5/12-905.

Other courts have applied the concept of constructive occupancy in the context of a marital separation, the rationale for which is cogently explained in *In re Smith,* 57 B.R. 81, 82 (Bankr. N.D.N.Y. 1985):

> To read the word ["occupied"] literally would permit creditors to dismantle property rights of the parties to a matrimonial dispute before the State courts have the opportunity to act to safeguard those interests and, perhaps, even more important, the interests of any children of the marriage. It would encourage, if not require, the often hostile parties to a matrimonial dispute to continue to share the marital abode on penalty of loss of property rights. The potential for harm to a spouse or to children in such circumstances hardly need be elaborated upon. In sum, literal reading of the word would not be consonant with strong, well-established, and long standing policies of the State of New York and hardly would have been within the intent of the Legislature.

Following *Smith*, another New York bankruptcy court enunciated a general rule to be applied when a bankruptcy debtor has separated from his or her spouse: where a married couple has separated, pending final resolution of their rights in the marital residence by a divorce court, the spouse who has vacated the marital residence is entitled to claim a homestead exemption therein, so long as it is occupied by the other spouse. *In re Moulterie,* 398 B.R. 501, 507 (Bankr. E.D.N.Y. 2008). In this Court's view, because the policy of the State of Illinois with respect to marital separation is identical to that of the State of New York, it is likely that the Illinois Supreme Court would find favor with the reasoning of *Smith* and *Moulterie* with respect to the Illinois homestead exemption law's occupancy requirement, construing it broadly to encompass constructive occupancy when separation occurs.

For the foregoing reasons, the Court determines that the Debtor did not abandon the Dogwood property as her homestead when she separated from her husband by moving into a leased duplex. The Trustee's objection to her claim of homestead exemption in that property will be denied. This Opinion constitutes the Court's findings of fact and conclusions of law as referenced in Rule 7052 of the Federal Rules of Bankruptcy Procedure.  A separate Order will be entered.

# # #